**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL MARQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13 C 3278 |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| DEMETURIUS JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Demeturius Jackson's motion to dismiss [28]. For the reasons set forth below, the Court denies Jackson's motion to dismiss [28]. This case is set for further status hearing on 1/22/2014 at 9:00 a.m. Counsel are directed to meet and confer and submit a joint status report with a proposed discovery plan on or before 1/17/2014.

**I.    Background**[1]

On April 30, 2013, Plaintiff Angel Marquez was driving his vehicle at or near Grand Avenue and Narangansett Street in Chicago, Illinois. Defendant Jackson was driving down the same street. Marquez contends that Jackson crashed his car into Marquez's car multiple times causing damage. After the accident, both cars came to a stop and Marquez got out of his car to confront Jackson. According to complaint, Jackson identified himself as a cop, took out a gun, and pointed it at Marquez's head. Jackson then put his gun away, took out a knife, and

---

[1] For the purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in Plaintiff's amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

threatened Marquez by repeatedly pushing his chest up against Marquez. Marquez asserts that Jackson's actions constituted an unreasonable seizure.

Plaintiff's amended complaint asserts two claims: Count I alleges an excessive force claim against Jackson pursuant to *Bivens* and the Fourth Amendment, and Count II alleges a claim against Jackson's employer, the United States Department of Veterans Affairs. The Department of Veterans Affairs moved to dismiss, Plaintiff did not object, and the Court granted the Department's motion. Thus, the Department of Veterans Affairs is no longer a party to this action. Defendant Jackson also has moved to dismiss Plaintiff's complaint, arguing that Plaintiff has failed to sufficiently allege that Jackson was acting under color of state law at the time of the encounter.

## II.   Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice of the way the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint. *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

To prevail on a § 1983 claim, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Greco v. Guss,* 775 F.2d 161, 164 (7th Cir. 1985). As a general rule, a government employee who acts in his official capacity or exercises his responsibilities pursuant to state law acts under color of state law. *West v. Atkins,* 487 U.S. 42, 50 (1988). A police officer's acts are not under color of law unless they are related to the performance of police duties. *Gibson v. Chicago,* 910 F.2d 1510, 1516–19 (7th Cir. 1990). Therefore, a defendant's status as an officer does not transform all of his actions into acts under color of law. *Gibson,* 910 F.2d at 1516. Similarly, whether a defendant was on or off duty does not resolve the question of whether he acted under color of law. *Gibson,* 910 F.2d at 1517. The essential inquiry is whether the defendant's actions related in some way to the performance of a police duty. *Gibson,* 910 F.2d at 1517; see also *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515-16 (7th Cir. 2007) ("An action is taken 'under color of state law' if it involves a misuse of power, possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.") (internal citations omitted).

"Whether a particular action was under color of state law depends 'largely on the nature of the specific acts the police officer performed, rather than on merely whether he was actively assigned at the moment to the performance of police duties.'" *Estate of Sims*, 506 F.3d at 516

3

(quoting *Pickrel v. City of Springfield, Illinois,* 45 F.3d 1115, 1118 (7th Cir. 1995)); see also *Payne v. Government of District of Columbia,* 559 F.2d 809, 825 n. 9 (D.C. Cir. 1977) ("The circumstances surrounding the use of a service revolver, rather than the mere fact of its use, have constitutional relevance. Surely one could not reasonably maintain that an off-duty police officer whose revolver accidentally discharged and hurt someone was acting under color of governmental authority." (Internal citation omitted)). Thus, the nature of the act is of utmost importance when determining whether an act is performed under color of state law. *Revene v. Charles County Com'rs,* 882 F.2d 870, 872 (4th Cir. 1989). Additional considerations include whether the officer "was engaged in police activity, that he displayed any police power, or that he possessed any indicia of his office at the time." *Latuszkin v. City of Chicago,* 250 F.3d 502, 506 (7th Cir. 2001).

Based on the liberal pleading standard followed in federal court and the allegations contained in the amended complaint, Plaintiff has sufficiently alleged that Defendant Jackson was acting under color of state law at the time he encountered Plaintiff. *Cf. Latuszkin*, 250 F.3d at 506 (holding that the district court's dismissal of the plaintiff's § 1983 claims was proper because the complaint failed to allege that the defendant officer—who was driving drunk and struck and killed a civilian—engaged in police activity, displayed any police power, or held himself out to be a police officer); *United States v. Christian*, 342 F.3d 744, 751 (7th Cir. 2003) (noting that an off-duty officer may be acting under color of state law if he is in uniform and displaying a badge). The facts alleged in the amended complaint are that Defendant Jackson crashed his car into Plaintiff's car multiple times and then confronted Plaintiff with a gun while identifying himself as a police officer. Although Plaintiff does not allege that Defendant Jackson was on duty at the time or engaged in the performance of official acts, that fact can be inferred

4

from the allegation that Jackson identified himself as a police officer. While discovery should shed light on whether it was a service revolver or Jackson's personal gun, whether Jackson was dressed as an officer and driving a police vehicle, whether Jackson was on duty at the time of the encounter, and the specific acts that Jackson allegedly engaged in (and whether those actions related in some way to the performance of a police duty), at this stage, Plaintiff's complaint sufficiently alleges that Defendant Jackson was acting under color of state law. See *Gibson v. City of Ch*icago, 910 F.2d 1510, 1516 (7th Cir. 1990)).

**IV.     Conclusion**

For the reasons set forth above, the Court denies Defendant Jackson's motion to dismiss [28]. This case is set for further status hearing on 1/22/2014 at 9:00 a.m. Counsel are directed to meet and confer and submit a joint status report with a proposed discovery plan on or before 1/17/2014.

Dated: December 23, 2013

_____
Robert M. Dow, Jr.
United States District Judge